U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 10-05354-jw
Adversary Number: 10-80118-jw

### ORDER DISMISSING COMPLAINT WITH PREJUDICE

The relief set forth on the following pages, for a total of __7__ pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**09/20/2010**



/s/ John E. Waites
Chief US Bankruptcy Judge
District of South Carolina

Entered: 09/20/2010

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re: ) | Case No. 10-05354-jw |
| ) | |
| Daniel Abraham and Kathy Garlyn ) | Chapter 13 |
| Abraham Thompson, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| Daniel Abraham, ) | Adv. Pro. No. 10-80118-jw |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Bank of America, N.A., ) | |
| ) | |
| Defendant. ) | |

## ORDER DISMISSING COMPLAINT WITH PREJUDICE

This matter is before the Court on Notice of Removal filed by Bank of America, N.A. ("Bank of America"), which was pending at the time of removal. Based on the arguments presented at the hearing, the Court grants the Motion to Dismiss with prejudice. In support of the Court's determination, the Court makes the following Findings of Fact and Conclusions of Law:[1]

## FINDINGS OF FACT

1. The Plaintiff originally filed this action in the Greenville County Court of Common Pleas. In his Complaint, the Plaintiff alleges that, in making a loan to the Plaintiff, Bank of America made false misrepresentations because it did not actually lend money to the Plaintiff, but rather "created" money by procuring his promissory note,

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute findings of Fact, they are adopted as such.

2

depositing the same and creating a new account on its general ledger – thereby counterfeiting or originating new currency and making him the creditor. (Compl. ¶¶ 1 – 2.) Following the description of this theory and the Plaintiff's discovery of it, the Plaintiff asserts thirteen "counts" which simply cite various sections of the Uniform Commercial Code ("UCC") and provisions of federal law without any explanation or assertion of factual elements.

2. In response to the Complaint, while the case was pending in state court, Bank of America filed its Motion to Dismiss. Thereafter, on July 26, 2010, Bank of America filed a Memorandum in Support of Motion to Dismiss.

3. On July 29, 2010, the Plaintiff and his wife, the above-captioned Debtors, filed a voluntary petition in this Court under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). In their Schedule B filed on August 10, 2010 (docket no. 6), the Debtors do not identify any potential claims against Bank of America. Moreover, the Debtors list the equity line of credit with Bank of America on their Schedule D (docket no. 7) and indicate the Debtors will continue making post-petition payments and cure the arrearage through their Plan. Accordingly, in their Chapter 13 Plan (docket no. 8) filed on August 10, 2010, the Debtors provide they will pay Bank of America $185/month to cure the pre-petition arrearage and make regular non-arrearage payments directly to Bank of America.

4. On August 12, 2010, Bank of America removed the instant action to this Court by filing a Notice of Removal. This Court thereafter scheduled a hearing on the removal and the pending Motion to Dismiss for September 16, 2010, and notice of the hearings was served on the Plaintiff by first class mail. (See Certificates of Service (docket nos. 6 and

11 in Adversary).) On September 2, 2010, bankruptcy counsel for the Debtors filed a Notice of Non-representation of the Plaintiff in this action (docket no. 9).

5. On September 16, 2010, the Court held a hearing on the Notice of Removal and the Motion to Dismiss. Counsel for Bank of America was the only party present at the hearing.

## CONCLUSIONS OF LAW

6. The Court first addresses whether this action is properly before it on Bank of America's Notice of Removal. Pursuant to 28 U.S.C. § 1452(a), a party may remove any cause of action, other than certain tax court and governmental proceedings not applicable here, to the district where the civil action is pending, if such district court has jurisdiction over the claim under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a).[2] Under 28 U.S.C. § 1334, this Court has jurisdiction over proceedings which arise under the Bankruptcy Code or arise in or are related to a case under the Bankruptcy Code. Since the Complaint concerns Bank of America's loan to the Debtor Daniel Abraham, which is secured by property of the Estate, and the outcome of this proceeding could impact Bank of America's claim against the Estate, the Court finds that, at a minimum, this proceeding is "related to" the Plaintiff's bankruptcy case as that phrase is defined in the Fourth Circuit. See A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1002, n.11 (4th Cir. 1986) (utilizing the Pacor test for related to jurisdiction, which is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.") The Plaintiff voluntarily filed the bankruptcy case in the Court and this proceeding raises issues which could have an effect on the bankruptcy case.

---

[2] Although the statute refers to the district court, by virtue of the automatic reference made pursuant to 28 U.S.C. § 157 and Local Civil Rule 83.IX.01, DSC, removal is to this Court.

Moreover, this is a core matter under 28 U.S.C. § 157(b)(2)(A), (B), and (O). Consequently, this Court has jurisdiction over this adversary proceeding.

7. Further, Bank of America filed its Notice of Removal on August 12, 2010, which was within 90 days of the petition and, therefore, was timely pursuant to Bankruptcy Rule 9027(a)(2). Accordingly, this proceeding and the pending Motion to Dismiss are properly before the Court.

8. Turning to the Motion to Dismiss, the Court will consider the Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding by Bankruptcy Rule 9027(g) and Bankruptcy Rule 7012(b). In deciding a Rule 12(b)(6) motion to dismiss, the Court must take all well-pleaded material allegations of a complaint as admitted and view them in the light most favorable to the Plaintiff. Grayson Consulting, Inc. v. Wachovia Securities, LLC (In re Derivium Capital), 2008 Bankr. LEXIS 4109, *4 (citations omitted). A motion to dismiss should not be granted unless it "appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved at trial in support of his claim." Id. (citations omitted).

9. Taking all of the well-pleaded material allegations of the Plaintiff's Complaint as admitted and viewing in this light most favorable to the Plaintiff, the Court funds the Plaintiff does not state a cause of action as a matter of law. As summarized above, the Plaintiff's Complaint apparently alleges Bank of America somehow originated new money by taking his promissory and allegedly making certain bookkeeping entries, which, the Plaintiff alleges, somehow made him the creditor in the transaction. There are numerous reported cases discussing allegations like those in the Plaintiff's Complaint, which are referred to as the "no money lent" theory, and other similar theories, which appear to arise in the context of various

5

debt elimination schemes. See, e.g., Barber v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 123939, *3-4 (W.D.N.C. Oct. 8, 2009) (describing the theories commonly referred to as the "vapor money theory" and "unlawful money theory," stating such theories have been "soundly rejected by every court that has considered them," and granting motion to dismiss with prejudice); Kemmler v. Bank One, N.A., 2006 U.S. Dist. LEXIS 9409, *3 (S.D. Ohio Mar. 9, 2006) (collecting cases and referring to the argument as "patently ludicrous"); Buckley v. Bayrock Mortgage Corp., 2010 U.S. Dist. 10636, * 8 (M.D. Ga. Jan. 12, 2010) (discussing theories and uniform rejection by courts). Indeed, counsel for Bank of America has cited at least one case in which several of the plaintiff's factual allegations are identical to those of the Plaintiff. See Muhammad v. Regions Bank, Case No. 3:05-cv-01059 (W.D. La. Nov. 9, 2005). This Court joins seemingly every other court which has entertained such theories in finding the Plaintiff's Complaint to be frivolous. Consequently, the Complaint fails to state facts sufficient to constitute a cause of action as a matter of law and should be dismissed.

10. In addition, aside from the frivolous nature of the Plaintiff's allegations, the Plaintiff's Complaint does not sufficiently plead any causes of action, but rather simply references numerous statutes without any allegations constituting elements of a cause of action.

11. Moreover, the Court has reviewed each of the statutes referenced in the Complaint and finds that each is defective as a matter of law and do not constitute a cause of action against Bank of America, for the reasons detailed in Bank of America's Memorandum in Support of its Motion to Dismiss.

12. Although the Plaintiff previously filed a "Judicial Notice" in state court and Bank of America attached certain documents to its Memorandum, the Court finds that it is

6

unnecessary to look outside the Complaint because it is fatally deficient on its face for the reasons set forth above. If the Court did consider matters outside the pleadings, however, the result would be still be the same as there is no genuine issue of material fact and Bank of America must prevail as a matter of law under Rule 56 of the Federal Rules of Civil Procedures, which is made applicable to this proceeding by Bankruptcy Rule 7056.

13. As an alternative ground for granting the requested relief, the Court finds that, since the Plaintiff did not identify any causes of action versus Bank of America on its Schedules, identified the at-issue debt on his Schedules and stated his intention to re-pay the amounts due, and provided for repayment to Bank of America in his proposed Chapter 13 Plan, he is judicially estopped from taking the contrary positions contained in the Complaint. See, e.g., Shadow Factory Films Ltd. v. Swilley (In re Swilley), 295 B.R. 839, 850-51 (Bankr. D.S.C. 2003) (applying judicial estoppel and discussing cases); Oneida Motor Freight Inc. v. United Jersey Bank, 848 F.2d 414, 419 (3d Cir. 1998) (holding that a debtor's failure to list its claims "work[s] in opposition to preservation of the integrity of the system which the doctrine of judicial estoppel seeks to protect").

14. Finally, it is appropriate to grant Bank of America's Motion to Dismiss with prejudice instead of granting Plaintiff leave to amend the Complaint because any such amendment would be futile. See Grayson Consulting, 2008 Bankr. LEXIS at *7 (providing Court should generally grant leave to amend, unless it determines that the pleading counsel not possible be cured by the allegations of other facts) (citation omitted). Accordingly,

IT IS HEREBY ORDERED that the Complaint is hereby dismissed with prejudice.

AND IT IS SO ORDERED.